**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R.1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0389-15T3

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

ANTHONY MARTIN,

    Defendant-Appellant.

_____

Submitted May 8, 2017 — Decided June 12, 2017

Before Judges Nugent and Currier.

On appeal from the Superior Court of New Jersey, Law Division, Middlesex County, Indictment No. 94-01-0133.

Joseph E. Krakora, Public Defender, attorney for appellant (Alan I. Smith, Designated Counsel, on the brief).

Grace H. Park, Acting Union County Prosecutor, attorney for respondent (Bryan S. Tiscia, Special Deputy Attorney General/Acting Assistant Prosecutor, of counsel and on the brief.)

PER CURIAM

    Defendant Anthony Martin appeals from the denial of his motion for a new trial. We affirm.

Following a jury trial in 1995, defendant was found guilty of the first-degree crimes of conspiracy to commit murder and leader of a narcotics trafficking network. He was sentenced to an aggregate term of life imprisonment subject to a twenty-five year period of parole ineligibility. We affirmed defendant's conviction, remanding for sentencing on one of the counts. State v. Martin, No. A-0001-95 (App. Div.), certif. denied, 153 N.J. 216 (1998). Two subsequent petitions for post-conviction relief were denied; those orders were affirmed on review by this court. State v. Martin, No. A-0391-05 (App. Div.), certif. denied, 188 N.J. 490 (2006); State v. Martin, No. A-0349-02 (App. Div.), certif. denied, 180 N.J. 453 (2004).

In 2012, defendant filed a pro se post-conviction relief petition for a new trial, and he was assigned counsel. Defendant alleged he had information not previously known to him that a juror who deliberated at his trial had not been honest with the court during voir dire when asked whether any family member had ever been accused of a crime. He further contended that the same juror had not advised the trial judge that he was familiar with two of the witnesses whose names were provided to the panel as potential witnesses.[1]

---

[1] This argument was found meritless by the trial judge and is not an issue in this appeal.

The motion judge determined that the juror's failure to disclose information regarding his family member and her arrest constituted "a type of jury misconduct that could have deprived the defendant of his Sixth Amendment right to a trial by an impartial jury." He, therefore, found an evidentiary hearing was appropriate, pursuant to Rule 1:16-1, for the court to interview the juror.

On June 30, 2015, following an evidentiary hearing, Judge Dennis V. Nieves[2] issued a written decision and order finding that defendant had failed to demonstrate that he would have exercised a peremptory challenge to exclude the pertinent juror. The motion for a new trial was denied. A subsequent motion for reconsideration, in which defendant raised for the first time the ineffective assistance of PCR counsel, was denied on July 28, 2015.

On appeal, defendant presents the following arguments for our consideration:

> POINT I: THE ORDER DENYING DEFENDANT'S POST-CONVICTION RELIEF MOTION FOR A NEW TRIAL SHOULD BE REVERSED BECAUSE [THE] JUROR['S] FAILURE TO DISCLOSE THAT HIS DAUGHTER WAS CHARGED WITH COMMITTING A DRUG OFFENSE VIOLATED DEFENDANT'S SIXTH AMENDMENT RIGHT TO A FAIR AND IMPARTIAL JURY THROUGH THE RIGHT OF PEREMPTORY CHALLENGE.

---

[2] A different judge had reviewed the motion and ordered the hearing.

POINT II: PCR COUNSEL'S FAILURE TO SUBMIT AN AFFIDAVIT FROM TRIAL COUNSEL STATING THAT HE WOULD HAVE EXERCISED A PEREMPTORY CHALLENGE, OR TO PRODUCE TRIAL COUNSEL AS A WITNESS TO GIVE SUCH TESTIMONY AT THE EVIDENTIARY HEARING, WAS INEFFECTIVE ASSISTANCE OF COUNSEL.

Defendant contends that a juror's failure to disclose that his daughter had been charged with a drug offense violated his Sixth Amendment right to a fair trial. We disagree.

In reviewing a trial judge's decision on a motion for new trial, we will not reverse it "unless it clearly appears that there was a miscarriage of justice." Rule 2:10-1; State v. Gaikwad, 349 N.J. Super. 62, 82 (App. Div. 2002).

A defendant may be regarded as having been denied a fair trial when a juror fails to disclose potentially prejudicial information during voir dire. State v. Cooper, 151 N.J. 326, 349 (1997). Although there may not be any "actual or provable prejudice" to defendant, the potential for the denial of a fair trial arises because of defendant's lost opportunity to exercise a peremptory challenge to excuse the juror in an attempt to achieve an impartial jury. Ibid. A defendant need not show prejudice but is required to demonstrate that "had he or she known of the omitted information, he or she would have exercised a peremptory challenge to exclude the juror." Ibid. If the proof that a challenge would

have been exercised is lacking, the Court has found the voir dire omission to be "harmless." Id. at 350.

The newly discovered evidence provided to the court in support of the motion for a new trial was presented in an affidavit from a then-incarcerated inmate. The inmate stated that he had known the juror's family for his whole life, and that the juror had a daughter who had a drug problem "before and around" the time of defendant's trial. The affiant further stated that he had witnessed the juror's attempts to "sway [his daughter] off drugs."

In his analysis, Judge Nieves noted that even if the juror's daughter was an addict, the juror had no duty to reveal the information because "[t]he jurors were not asked if they or any member of their family had a history of drug abuse." The juror was asked if he or any member of his family had been accused of committing a crime, and he gave no response.

Defendant presented a printout from the court system as part of his proofs showing that the juror's daughter had been charged and acquitted of a drug charge. When queried by the court on this information, the juror responded that he had no knowledge that his daughter had been arrested for drug use. Although he admitted that she had a drug problem, he stated that he was only aware of one instance when his daughter was questioned by law enforcement;

she was subsequently released. He stated he did not know that she had ever been arrested or prosecuted.

The judge concluded that even if the juror had known of his daughter's arrest and divulged the information, there was no indication that defendant would have exercised a peremptory challenge. Judge Nieves referred to another juror who had answered affirmatively to the same question but was not stricken from the panel. Therefore, the judge concluded that defendant had failed to demonstrate that he would have exercised a peremptory challenge to exclude the juror if he had disclosed the information regarding his daughter's arrest.

We are satisfied that the judge properly conducted the interview of the juror and considered his testimony that he had no knowledge of his daughter's arrest. His conclusion that defendant failed to show he would have exercised a peremptory challenge on this juror is supported by the credible evidence in the record.

We briefly address defendant's argument that his PCR counsel was constitutionally ineffective in her failure to procure an affidavit from trial counsel affirming that he would have used a peremptory challenge to strike the offending juror from the jury panel.

A-0389-15T3

The standard for determining whether counsel's performance was ineffective for purposes of the Sixth Amendment was formulated in Strickland v. Washington, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), and adopted by our Supreme Court in State v. Fritz, 105 N.J. 42 (1987). In order to prevail on a claim of ineffective assistance of counsel, defendant must meet the two-prong test of establishing both that: (1) counsel's performance was deficient and he or she made errors that were so egregious that counsel was not functioning effectively as guaranteed by the Sixth Amendment to the United States Constitution; and (2) the defect in performance prejudiced defendant's rights to a fair trial such that there exists a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, supra, 466 U.S. at 687, 694, 104 S. Ct. at 2064, 2068, 80 L. Ed. 2d at 693, 698.

In turning to defendant's argument, we are satisfied from our review of the record that defendant failed to meet his burden of proof as to a showing of ineffectiveness of trial counsel within the Strickland-Fritz test. Defendant has not presented any evidence such as an affidavit or certification to support his argument that trial counsel would have exercised a peremptory challenge had he been aware of the juror's family history. As we have previously stated, "bald assertions" that a defendant was

denied the effective assistance of counsel are not sufficient to establish a prima facie claim. State v. Cummings, 321 N.J. Super. 154, 170 (App. Div.), certif. denied, 162 N.J. 199 (1999).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0389-15T3